**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAHEEM M. WILSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-5404** |
| | : | |
| **D. RUSSELL,** | : | |
| **Defendant.** | : | |

| | | |
|---|---|---|
| **RAHEEM M. WILSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-5406** |
| | : | |
| **RANDOLPH HOPE,** | : | |
| **Defendant.** | : | |

| | | |
|---|---|---|
| **RAHEEM M. WILSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-5407** |
| | : | |
| **MARYANN WHITE**, *et al.*, | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**BAYLSON, J.**                                                    **OCTOBER  10, 2024**

Plaintiff Raheem M. Wilson filed the above three civil rights actions against law enforcement officials claiming myriad violations of his constitutional rights.  Wilson seeks leave to proceed *in forma pauperis* in each case.  For the following reasons, the Court will grant Wilson leave to proceed *in forma pauperis*, dismiss his Complaints, and direct Wilson to show cause as to why he should not be subjected to a pre-filing injunction.

## I.      FACTUAL ALLEGATIONS AND FILING HISTORY

In a period of approximately two weeks, Wilson has filed twelve cases against law enforcement officials, including the instant three, raising repetitive claims.  *See Wilson v. Hope*, Civ. A. No. 24-5060 (E.D. Pa.); *Wilson v. Phila. Family Court District,* Civ. A. No. 24-5144 (E.D. Pa.); *Wilson v. Pindle*, Civ. A. No. 24-5230 (E.D. Pa.); *Wilson v. Martin*, Civ. A. No. 24-5231 (E.D. Pa.); *Wilson v. Pinto*, Civ. A. No. 24-5234 (E.D. Pa.); *Wilson v. Gray*, Civ. A. No. 24-5236 (E.D. Pa.); *Wilson v. Sanchez*, Civ. A. No. 24-5285 (E.D. Pa.); *Wilson v. SEPTA*, Civ. A. No. 24-5269 (E.D. Pa.); *Wilson v. Fanning*, Civ. A. No. 24-5356 (E.D. Pa.).  The Court consolidated Civil Action Numbers 24-5230, 24-5231, 24-5234, 24-5236, and 24-5285 under Civil Action Number 24-5060 and summarily dismissed the complaints in those six cases as unintelligible in violation of Federal Rule of Civil Procedure 8.  Civil Action Numbers 24-5269 and 24-5356 were also dismissed for failure to comply with Rule 8 and for raising frivolous claims grounded in fanciful allegations after Wilson was granted leave to proceed *in forma pauperis*.  In dismissing those two cases, the Court warned Wilson that filing further repetitive and unintelligible cases could lead to restrictions on his ability to file additional lawsuits.  *Wilson v. Fanning*, No. 24-CV-5356, 2024 WL 4445134, at *2 (E.D. Pa. Oct. 8, 2024) ("Wilson is warned that if he continues to file repetitive and unintelligible complaints, the Court will consider restricting his ability to file additional lawsuits."); *see also Wilson v. SEPTA*, Civ. A. No. 24-5269 (ECF No. 4) (issuing same warning).  Civil Action Number 24-5144 awaits Wilson's response to an order directing him to correct a deficiency in his *in forma pauperis* motion.  Thus far, Wilson has not pled a clear legal basis for proceeding in any of his cases.

Nevertheless, Wilson filed three additional cases.  As in Wilson's prior cases, the Complaints in these civil actions allege numerous constitutional violations arising from an array

of events including matters related to Wilson's prior criminal history, the loss of custody of his children, the circumstances of his homelessness, and alleged sexual conduct.  Wilson also asserts physical injuries in the form of cysts and a wound on his finger, as he has in prior cases.  He seeks damages and assorted injunctive relief.

## II.    STANDARD OF REVIEW

The Court will grant Wilson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence these civil actions.  Accordingly, the Court is required to screen Wilson's Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B).  Under this provision, a complaint must be dismissed if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

3

state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting

*Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds*

*recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do

not suffice.  *Iqbal*, 556 U.S. at 678.  The Court will "apply the relevant legal principle even when

the complaint has failed to name it."  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However,

"'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.*

(quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).  An unrepresented

litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all

other litigants.'"  *Id. ; see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL

379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and

'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,'

*Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an

advocate to identify any possible claim that the facts alleged could potentially support.").

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of

Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a

pleading to include a "short and plain statement showing that the pleader is entitled to relief," as

well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P.

8(a).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court

should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the

actions taken by [the named] defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d

at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it

is vague, repetitious, or contains extraneous information" and "even if it does not include every

name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for

4

the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

Wilson may not proceed on his claims because the manner in which he has presented them is so confusing, disjointed, and unclear, that neither the Court nor the Defendants could be expected to understand the nature of the claims he brings and the factual basis underlying each claim.  As noted above, a complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing.  *Garrett*, 938 F.3d at 93. The factual basis for Wilson's claims "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Further, several of Wilson's allegations, to the extent they can be understood, appear to be grounded in delusional or otherwise factually or legally baseless allegations.  In sum, even under the most liberal reading of his Complaints, Wilson has not alleged any plausible basis for a constitutional or any other claim.

Despite the Court's recent warnings to Wilson that further repetitive filing activity could lead to an injunction, he has continued to file similar complaints containing the same defects at issue in his prior complaints at a rapid pace.  Keeping up with the volume and pace of Wilson's lawsuits—none of which have merit—has utilized considerable Court resources.  Based on Wilson's filing history over the past two weeks, it is apparent that he will continue to keep filing the same repetitive cases with the Court unless he is enjoined from doing so.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation."  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  The "broad scope" of this power is limited

by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

Based on Wilson's record of filing activity articulated above, the Court will consider enjoining him from filing any civil rights action against federal, state or local law enforcement officials on an *in forma pauperis* basis for a period of one year. Due to the haphazard and indiscernible nature of his allegations, the Court cannot contemplate a less restrictive but effective injunction that would encompass Wilson's abusive filing activity and prevent the flood of lawsuits he continues to file with the Court. The Court will limit the injunction to a period of one year. Wilson may move the Court to lift the injunction after one year has passed.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss his Complaints in the above three cases with prejudice because amendment would be futile. Wilson will also be directed to show cause as to why the Court should not enjoin him

6

from filing further repetitive and meritless lawsuits against law enforcement officials on an *in forma pauperis* basis for a period of one year.  An appropriate Order follows.

BY THE COURT:

s/ Michael M. Baylson

MICHAEL M. BAYLSON, J.